UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                            Case No. 12-20287

vs.                                      HON. MARK A. GOLDSMITH

JONATHAN E. WALKER,

    Defendant.
_____/

**OPINION & ORDER**
**GRANTING IN PART AND DENYING IN PART DEFENDANT JONATHAN WALKER'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 1047)**

This matter is before the Court on Defendant Jonathan Walker's motion seeking compassionate release and appointment of counsel (Dkt. 1047). Because Walker has not exhausted his administrative remedies, his motion for compassionate release must be denied without prejudice. However, Walker's motion is granted with respect to his request for appointment of counsel in connection with this matter.

Walker seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Generally, federal courts cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction. Id. § 3582(c)(1)(A).

Before seeking compassionate release from federal courts, however, prisoners must "fully exhaust[] all administrative rights," or, alternatively, wait for 30 days after the warden's "receipt of [their] request." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has held that there are no statutory exceptions to this exhaustion requirement. United States v. Alam, 960 F.3d 831, 835-836 (6th Cir.

2020). When faced with an unexhausted motion for compassionate release, district courts must dismiss the motion without prejudice. See id. at 836.

In this case, Walker has failed to seek a reduction in sentence from the warden at U.S. Penitentiary Terre Haute, the facility at which he is incarcerated. Thus, Walker has neither fully exhausted his remedies nor waited 30 days from the warden's receipt of his request. As a result, the Court cannot assess the merits of Walker's motion at this time. In light of clear Sixth Circuit precedent, Walker's motion for compassionate release must be denied without prejudice.

Because the Court denies Walker's motion for compassionate release without prejudice, he is free to file a renewed motion for compassionate release after properly exhausting his administrative remedies. After reviewing Walker's request for appointment of counsel in connection with this matter, the Court finds that this request should be granted, and that counsel should be appointed to represent Walker in bringing his renewed motion for compassionate release. The appointment order will issue separately.

Walker's renewed motion for compassionate release shall be filed through his attorney no later than May 18, 2021, after properly exhausting his administrative remedies. Alternatively, if Walker elects to not file a renewed motion for compassionate release, he shall file through his attorney a notice alerting the Court of this decision, by no later than May 18, 2021. If Walker files a renewed motion, the United States Attorney shall file a response no later than fourteen days after being served with the motion, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion. The Court grants leave to file any records with personal or sensitive information under seal. Any reply brief must be filed no later than seven days after service of the response.

SO ORDERED.

Dated: February 18, 2021            s/Mark A. Goldsmith
       Detroit, Michigan            MARK A. GOLDSMITH
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 18, 2021.

s/Karri Sandusky
Case Manager