UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case No. 12-cr-20287

vs.

                                  HON. MARK A. GOLDSMITH

JONATHAN WALKER,

        Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Dkt. 1038)**

This matter is before the Court on Defendant Jonathan Walker's motion for reconsideration of the Court's dismissal of his motion to vacate (Dkt. 1038).  For the reasons that follow, the Court denies Walker's motion.

**I.  BACKGROUND**

Walker, a prisoner incarcerated at the Terre Haute Federal Correctional Complex, filed a motion to vacate his sentence, which the Court received on October 9, 2019.  The Government filed a motion to dismiss this motion as untimely, which the Court granted.  Opinion at 1 (Dkt. 1032).  In that opinion, the Court noted that Walker's conviction became final on October 1, 2018, when the Supreme Court denied his petition for certiorari.   Thus, the one-year limitations period for filing a motion to vacate expired on October 1, 2019.  Id.  Because the Court found that Walker filed his motion to vacate through the prison's regular mail system rather than the legal mail system, he was not entitled to the benefit of the prison mailbox rule, and his motion was considered untimely filed on October 9, 2019.  Id. at 4-5.  Additionally, the Court determined that Walker was not entitled to equitable tolling, as he failed to demonstrate that he was prevented from timely filing his motion due to a lockdown at the prison.  Id. at 6-7.

## II.  STANDARD OF REVIEW

Although Walker titled his motion as a motion for reconsideration, he cited Federal Rule of Civil Procedure 59(e), which applies to motions to alter or amend a judgment.  But the opinion from which Walker seeks relief was not a judgment.  Because a judgment was not entered, a motion to alter or amend a judgment under Rule 59(e) is not the appropriate vehicle for reconsideration of the Court's opinion.  See Loomis v. Chrysler Corp., 4 F. App'x 214, 215 (6th Cir. 2001) ("The court properly denied the motion to alter or amend because no final judgment had been entered in the case at the time the motion was filed.").

The Court will, therefore, consider the motion as one for reconsideration under Local Rule 7.1(h).  A motion for reconsideration may be granted when the moving party shows: (i) a palpable defect, (ii) by which the court and the parties were misled, and (iii) the correction of which will result in a different disposition of the case.  E.D. Mich. L.R. 7.1(h)(3).  A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain."  Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).   The court generally will not grant motions for reconsideration "that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. L.R. 7.1(h)(3).[1]

---

[1] The Government contends that Walker's motion for reconsideration was untimely, as Local Rule 7.1(h)(1) requires parties to file such motions within 14 days after entry of the judgment or order. Resp. at 2-3 (Dkt. 1043).  The Court's opinion was filed on June 29, 2020, and Walker's motion was docketed with a filing date of July 24, 2020.  The filing, however, bears a stamp indicating it was received in the prison's legal mail system on July 28, 2020.  Walker indicates in his motion that he did not receive a copy of the Court's order until July 8, 2020. Mot. at 4.  Though there is some doubt that the motion is timely even assuming that Walker received it on July 8, 2020, the Court acknowledges that the COVID-19 pandemic resulted in significant delays in mail processing at the time in question.  Accordingly, the Court considers Walker's motion on the merits.

### III.  ANALYSIS

#### A.  Walker's Use of the Legal Mail System

Walker first challenges the Court's conclusion that he is not entitled to the benefit of the prison mailbox rule because he did not use the prison's legal mail system to file his motion to vacate.  Walker initially rehashes the same arguments the Court previously considered and rejected—that he filed his motion when he submitted it at the prison's legal mail window on September 26, 2019 and that mailroom staff mishandled the filing and delayed sending it.  Mot. at 2-3.  The Court determined in its opinion that these assertions were contradicted by the objective evidence presented by the Government.  Opinion at 5.  Specifically, the envelope for the filing did not bear the ink stamps prison officials apply to all legal mail in accordance with prison procedure.  Id. at 4-5.  Additionally, the mailing was recorded in the prison's log used to track regular, certified mail, as opposed to legal mail.  Id. at 4-5.

Walker challenges the Court's reliance on the affidavits of prison officials Steve Morin and Brad Shoemaker, who described the prison's procedures for handling legal mail.  Mot. at 4.  Walker specifically contends that these affidavits are undermined by the fact that delivery of correspondence from this Court was not made in accordance with certain prison procedures for incoming legal mail.[2]  Id.  However, Morin's and Shoemaker's affidavits concerned mailroom procedures for <u>outgoing</u> legal mail, as opposed to incoming legal mail.  See generally Morin Decl.,

---

[2] Walker contends that the envelope containing correspondence from this Court was not date-stamped and does not bear Walker's signature verifying receipt.  Mot. at 4.  Although the prison's mailroom procedures require staff to date-stamp legal mail upon receipt, see Mail Management Manual, Ex. A to Gov't Reply to Mot. to Dismiss, at 6 (Dkt. 1018-3), the Court is unable to determine that this procedure was not followed given that Walker provided a copy of only the front side of the envelope, see Opinion Envelope, Ex. to Mot., at PageID.13200 (Dkt. 1038).  Moreover, the prison's procedures require staff members to record the prisoner's signature verifying receipt in a daily log as opposed to on the envelope.  Mail Management Manual at 6.

Ex. B to Gov't Mot. to Dismiss (Dkt. 1009-3); Shoemaker Decl., Ex. A to Gov't Reply Regarding

Mot. to Dismiss (Dkt. 1018-2).  Therefore, Walker has not established that the representations

made in these affidavits are inaccurate.

Next, Walker offers the affidavit of fellow prisoner Lee Paul, who stated that he

accompanied Walker to the legal mailroom on September 26, 2019 to submit his own court filing

with a deadline of October 1, 2019.  Paul Aff., Ex. to Mot., at PageID.13196-13197 (Dkt. 1038).

Paul stated that while he submitted his court filing, he witnessed Walker deliver his motion to

vacate to the legal mailroom staff.  Id.  Upon reviewing the docket for Paul's case, the Government

located a copy of the envelope for Paul's filing.  In stark contrast to the envelope for Walker's

filing, the envelope for Paul's filing bears ink stamps clearly indicating that it was sent through

the prison's legal mail system.  Paul Envelope, Ex. D to Resp. (Dkt. 1043-5).  Thus, had Walker

filed his own motion through the legal mail system at the same time, the envelope for his filing

likewise would have borne the same stamps.  Accordingly, Paul's affidavit appears to be

unreliable.

Finally, Walker offers the affidavits of fellow prisoners Kevin Watson and Abdullah Ali,

both of whom describe difficulties they have experienced with the legal and regular mail systems

at Terre Haute.  See Watson Aff., Ex. to Mot., at PageID.13198 (Dkt. 1038); Ali Aff., Ex. to Mot.,

at PageID.13199 (Dkt. 1038).  However, as argued by the Government, these affidavits are not

germane to the issue of whether Walker submitted his motion using the legal mail system or the

regular mail system.  See Resp. at 8-9.

Ultimately, Walker has not offered any argument showing a palpable defect in the Court's

conclusion that he did not use the legal mail system to file his motion to vacate.  In fact, as noted

by the Government, Walker's motion for reconsideration only emphasizes that his motion to vacate

4

was not sent through the legal mail.  See Resp at 4-5.  Whereas the envelope for the motion for

reconsideration bears the hallmark ink stamps indicating it was sent through the legal mail, Mot.

at PageID.13201-13202, the envelope for the motion to vacate bears no such indications.

### B.  Circumstances Preventing Timely Filing

Next, Walker challenges the Court's rejection of his claim that he was prevented from

timely filing his motion to vacate as a result of a prison lockdown between September 23 and

September 30, 2019.  In its opinion, the Court determined that, even assuming that the prison was

operating on lockdown status during that time, Walker's allegation was contradicted by his own

representation that he filed his motion to vacate through the legal mail system on September 26,

2019.  Opinion at 6.  Moreover, the Court noted that Walker failed to explain why he was unable

to submit his motion to vacate on the filing deadline of October 1, 2019, the day after the lockdown

was lifted.  Id.

In his motion for reconsideration, Walker reasserts his allegation that the prison did not

process legal mail while operating on lockdown status between September 23 and September 30,

2019.  Mot. at 2.  In support, he offers an email from Associate Warden Michael Underwood, who

indicated that the prison was on lockdown between September 23 and September 30, 2019, and

that legal mail was not conducted until October 1, 2019.  Underwood Email, Ex. to Mot., at

PageID.13195 (Dkt. 1038).  In an affidavit, however, Underwood clarified that while legal mail

resumed normal operations on October 1, the prison did not cease to conduct legal mail altogether

between September 23 and September 30.  Underwood Aff., Ex. C to Resp., ¶¶ 5 (Dkt. 1043-4).

He further stated that regardless of whether the prison was on lockdown or some other modified

operation status, legal mail would have been processed each day, in accordance with prison

procedure.  Id. ¶ 6.  Therefore, Underwood's statements do not support Walker's assertion that a

lockdown prevented him from timely filing his motion to vacate.

Again, Walker has offered no argument demonstrating a palpable defect in the Court's

conclusion that he was not prevented from timely filing his motion to vacate.

### III.  CONCLUSION

For the reasons discussed above, Walker's motion for reconsideration is denied (Dkt.

1038).

SO ORDERED.

Dated: March 23, 2021                          s/Mark A. Goldsmith
      Detroit, Michigan                          MARK A. GOLDSMITH
                                          United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2021.

                                          s/Karri Sandusky
                                          KARRI SANDUSKY
                                          Case Manager